Filed 9/21/23  P. v. Jensen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRANDON TYLER JENSEN,<br><br>    Defendant and Appellant. | C097631<br><br>(Super. Ct. Nos. 22CF01891, 22CF02977, 22CF03294, 22CF04509) |

Appointed counsel for defendant Brandon Tyler Jensen filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

A.     *Case No. 22CF01891*

In April 2021, defendant was in a car accident and was unable to provide proof of insurance to the other driver. The other driver immediately reported the accident to her insurance carrier, GEICO. Defendant failed to respond to a phone call from the other driver's insurance carrier. Defendant then tried to get insurance through a broker, sending photographs of the car without including damage from the accident. An insurance policy issued and became effective the following day. More than two weeks later, defendant contacted his new insurance carrier and reported being involved in a car accident. A claims adjuster from defendant's insurance carrier contacted GEICO and learned the accident occurred prior to defendant obtaining the policy.

The People subsequently charged defendant with willfully making a false insurance claim (Pen. Code, § 550, subd. (a)(1))[2] in Butte County Superior Court, case No. 22CF01891 (case No. 891).

B.     *Case No. 22CF02977*

On June 1, 2022, defendant failed to appear in court in Butte County Superior Court, case No. 21F03638 (case No. 638). The People charged him with failure to appear (§ 1320.5) while out on bail (§ 1320, subd. (b)) in Butte County Superior Court, case No. 22CF02977 (case No. 977).

C.     *Case No. 22CF03294*

On June 27, 2022, law enforcement responded to an alarm at a local middle school. At the school, they found unlocked a door that should have been locked. There were "pry marks" around the door trim, the deadbolt was on the ground and the closing

---

[1]     Defendant agreed the factual basis for his plea could be taken from police reports and the probable cause declaration.

[2]     Undesignated statutory references are to the Penal Code.

mechanism was broken off. Nothing was taken from the school. Video surveillance showed defendant prying the door open.

The People charged defendant with commercial burglary (§ 459) and felony vandalism (§ 594, subd. (a)) in Butte County Superior Court, case No. 22CF03294 (case No. 294). The People also alleged defendant committed his crimes while out on bail in Butte County Superior Court, case No. 21CF03638 (case No. 638).

D.     *Case No. 22CF04509*

In July 2022, law enforcement responded to another alarm at the same local middle school. At the school, they found one of the modular buildings had been forced open and holes in the building's windows. After finding marbles on the floor in the classroom, school maintenance staff determined someone had used the marbles to break the windows. Video showed defendant using a slingshot to shoot a marble through the window, open the door, and enter the classroom.

In Butte County Superior Court, case No. 22CF04509 (case No. 509), the People charged defendant with felony vandalism (§ 594, subd. (a)) and alleged he committed the crime while out on bail in case Nos. 638 and 22CF00698.

E.     *Plea and Sentence*

On September 21, 2022, defendant pleaded no contest to willfully making a false insurance claim in case No. 891. In case No. 977, he pleaded no contest to the charge of failure to appear and admitted the on-bail enhancement. He pleaded no contest to second degree burglary in case No. 294. He also pleaded no contest to vandalism in case No. 509 and admitted the on-bail enhancement.

The trial court sentenced defendant to an aggregate term of six years four months in "county prison," including the upper term of five years in case No. 891. In choosing the upper term, the court found defendant did not stipulate to, nor did a jury find true, aggravating factors; however, the court also found defendant's prior convictions were numerous and defendant served prior prison terms. Those aggravating factors, the court

3

concluded, outweighed the single mitigating factor that defendant "pled at an early stage."

At sentencing, the court also ordered defendant to pay various fines and fees and awarded him 212 days of custody credit. Defendant appeals without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

                                        /s/
                              KEITHLEY, J.\*

We concur:

      /s/
EARL, P. J.

      /s/
MESIWALA, J.

---

\*       Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5